UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 99-66-B-S |
| | ) |
| DOC BRATT, a/k/a Lester R. Grant, | ) |
| a/k/a Doc Lightfoot, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

On April 24, 2008, Doc Bratt filed a motion to appoint counsel and a motion for relief from his criminal judgment pursuant to Federal Rule of Civil Procedure 60(b) and the following day he filed an amended pleading incorporating the same requests and adding a motion for leave to proceed in forma pauperis. The court has referred the motions to me and I now deny the motion to appoint counsel and recommend that the court deny the Rule 60(b) motion, treating it as an untimely motion pursuant to 28 U.S.C. § 2255. The motion to proceed in forma pauperis is moot because there is no filing fee associated with this action.

On January 11, 2001, Doc Bratt received a 180-month sentence after pleading guilty to two counts of an indictment charging him with possession of a firearm and ammunition by a prohibited person and alleging three prior convictions of crimes of violence, placing Bratt in the category of an armed career criminal under the Armed Career Criminal Act. Bratt never appealed nor did he challenge his conviction (i.e., pursuant to 28 U.S.C. § 2255) until April 24, 2008, when he filed this motion pursuant to Rule 60(b). Bratt concedes that a petition under 28 U.S.C. § 2255 is ordinarily time-barred one year after the judgment becomes final. However, he seems to believe that by labeling his petition as a motion under Rule 60(b) he can escape that time bar. The fact remains that his pleading is in reality a § 2255 motion challenging his

underlying criminal conviction and, in spite of his labeling rhetoric, it must be dismissed as untimely unless it falls within the restrictions set forth in § 2255.  See Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003).

In order to bring a Rule 60(b) motion in the context of a federal criminal proceeding the petitioner must be challenging a defect in an actual federal habeas corpus civil proceeding and not the underlying conviction itself.  Gonzalez v. Crosby, 545 U.S. 524, 534 (2005).  Obviously Bratt is not mounting such a challenge because he never filed a 28 U.S.C. § 2255 motion and, thus, there is no federal habeas corpus judgment that he can challenge.  Furthermore, the thrust of Bratt's argument is that he was wrongly sentenced as an armed career criminal and that argument goes to the integrity of the underlying criminal conviction.  The motion is not properly brought pursuant to Rule 60(b).

Because Bratt is obviously challenging his underlying criminal conviction, the court could only analyze his claim under 28 U.S.C. § 2255.  The limitations period for such actions is set forth in § 2255(f) at one year.  More than seven years have passed since Bratt's judgment of conviction became final and therefore he is well outside of the limitations period set forth in subsection (1).  His only possible claim would be that he falls within subsection (4), i.e., that it has been less than one year since the facts supporting his claims could have been discovered through the exercise of due diligence.  Bratt claims his criminal conviction should be set aside for the following reasons:  (1)  He was improperly sentenced as an armed career criminal because his escape charge was nothing more than a "walk away" from a halfway house; (2) Bratt's recent inquiries suggest to him that the escape conviction does not even actually exist; and (3)  Bratt's attorney provided ineffective assistance of counsel because he was unable to obtain access to discovery materials that Bratt felt were necessary for his defense and defense

2

counsel told Bratt at the time of his guilty plea that the Government would not allow the release of these materials. Obviously items one and three were known to Bratt at the time of his sentencing. Item number two appears to relate to relatively recent correspondence between Bratt and the clerks of the Wrentham (Massachusetts) District Court and the Norfolk Superior Court, dating from August 16, 2007, through April 5, 2008, wherein Bratt has tried, unsuccessfully, to obtain verification regarding his 1977 conviction for escape or demonstrate the nonexistence of any records relating to that conviction. However, Bratt has come nowhere near showing the type of "due diligence" required to re-ignite the one year statute of limitations as of August 2007 when he began making inquiries about the validity of the 1977 escape conviction. As the Government points out in discussing why this motion would fail even if it had been properly brought pursuant to Rule 60(b)(1), Bratt "is in a poor position to argue that he has only recently discovered evidence he served less than a year in prison on a conviction on which he was sentenced over 25 years ago, which he knew seven years ago was being used to sentence him as an Armed Career Criminal." Nor can Bratt claim "due diligence" in his effort to obtain proof that this conviction does not even exist because it was only in 2007 that he even began to take steps to try to discover what proof of the exceedingly stale conviction did or did not exist.

The procedural vehicle that Bratt has chosen, a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is not available to him other than to challenge the validity of a prior judgment in a habeas corpus proceeding and Bratt has never brought such a proceeding. Thus, his motion, which attacks the validity of his underlying criminal judgment, is time-barred under the only relevant statute of limitations, the one found in § 2255(f). Giving the motion an inventive caption cannot save an otherwise time-barred motion brought to obtain relief which is exclusively the domain of 28 U.S.C. § 2255 proceedings.

Heeding the warning of Castro v. United States, 540 U.S. 375, 381-84 (2003) I am not recharacterizing Bratt's Rule 60(b) motion as anything other than what he has called it, but I am applying the relevant law to the relief he seeks. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

## Conclusion

Based upon the foregoing I recommend the court deny Bratt's Rule 60(b) motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 26, 2008.